UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL MOREDOCK,

    Plaintiff,                                  Hon. Janet T. Neff

v.                                                    Case No. 1:08 CV 1226

ROBERT MOREDOCK, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant Robert Moredock's Motion for Summary Judgment</u>. (Dkt. #5). The other Defendants subsequently joined this motion. (Dkt. #8). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted in part and denied in part**.

## BACKGROUND

Plaintiff initiated this action on December 24, 2008, asserting various claims arising out of the administration of the trusts executed by his deceased parents, Edward Moredock and Jean Moredock. (Dkt. #1). Plaintiff has asserted these claims against the following individuals: Robert Moredock, David Moredock, John Moredock, and Patricia Jean Moredock. Plaintiff Paul Moredock and the defendants in this matter are the children of Edward and Jean Moredock.[1] (Dkt. #1, Exhibit 1).

---

[1] On the first page of his complaint, Plaintiff identified himself and his wife, Candace Moredock, as the plaintiffs in this matter. The complaint, however, was signed by Paul Moredock only and Candace Moredock has never filed an appearance. Accordingly, the Court recommends that Candace Moredock be dismissed as a party to this matter. *See Rowl v. Smith Debnam Narron Wyche Saintsing & Myers, LLP*, 2009 WL 187575 at *1 (W.D.N.C., Jan. 23, 2009) (when plaintiffs proceed pro se "each

The Moredocks' trusts both provide that Defendant Robert Moredock shall serve as Trustee in the event of their passing. (Dkt. #1, Exhibits 1 and 3). Documents included with Plaintiff's complaint indicate that Robert Moredock is (or at least has in the past) served as the trustee of his parents' trusts. (Dkt. #1, Exhibits 7A-7D).

Plaintiff claims that he and his wife "have a legally protected valid interest in the inheritance of Edward E. Moredock, and Jean A. Moredock as shown in the wording of the trust documents." Plaintiff asserts that Defendants entered into a conspiracy pursuant to which they breached their fiduciary duties and engaged in fraud, duress, and undue influence so as to deprive Plaintiff of his inheritance. Plaintiff further charges Defendants with defamation of character, invasion of privacy, and intentional infliction of emotional distress. Defendants now move for the dismissal of Plaintiff's claims.

## ANALYSIS

**I.      Venue**

On April 1, 2009, the Court conducted a hearing on the present motion. At this hearing, Defendants amended their motion to assert the claim, pursuant to Federal Rule of Civil Procedure 12(b)(3), that this Court is not the proper venue in which to resolve Plaintiff's claims. Defendants also submitted a supplemental pleading addressing the venue issue. (Dkt. #12). Plaintiff asserts that venue in this Court is proper "because the contested actions before the Court each occurred in the Western District of Michigan, in either Newaygo or Mecosta Counties." (Dkt. #14). Defendants have submitted no evidence to the contrary.

---

plaintiff must sign the complaint" and failure to do so compels the dismissal of those who failed to sign the complaint) (citing Fed. R. Civ. P. 11(a)).

Pursuant to federal law, "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in. . .a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a). In the absence of evidence from Defendants demonstrating that venue is inappropriate in this Court, Plaintiff's assertions on the matter are sufficient, at this juncture, to counter Defendants' position. Accordingly, the Court recommends that Defendants' motion to dismiss for improper venue be denied.

## II.        Probate Claims

Plaintiff asserts that the Court has subject matter jurisdiction over his claims because the parties are diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. While this appears to be an accurate statement, there exists an exception to the federal district court's diversity jurisdiction for actions involving probate matters. It is "well settled that a federal court has no jurisdiction to probate a will or administer an estate." *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007) (quoting *Markham v. Allen*, 326 U.S. 490, 494 (1946)). The probate exception "reserves to the state probate courts the probate or annulment of a will and the administration of a decedent's estate." *Wisecarver*, 489 F.3d at 749.

The "probate exception is a practical doctrine designed to promote legal certainty and judicial economy by providing a single forum of litigation, and to tap the expertise of probate judges by conferring exclusive jurisdiction on the probate court." *Lepard v. NBD Bank*, 384 F.3d 232, 237 (6th Cir. 2004). Accordingly, even if the requirements of diversity jurisdiction have been satisfied, "a federal court lacks jurisdiction over cases involving probate matters." The probate exception applies where the

dispute "would be cognizable only by the probate court." *Id.* In this respect, Michigan law provides that the probate "has exclusive legal and equitable jurisdiction" of all of the following:

> (a) A matter that relates to the settlement of a deceased individual's estate, whether testate or intestate, who was at the time of death domiciled in the county or was at the time of death domiciled out of state leaving an estate within the county to be administered, including, but not limited to, all of the following proceedings:
>
>> (i) The internal affairs of the estate.
>>
>> (ii) Estate administration, settlement, and distribution.
>>
>> (iii) Declaration of rights that involve an estate, devisee, heir, or fiduciary.
>>
>> (iv) Construction of a will.
>>
>> (v) Determination of heirs.
>>
>> (vi) Determination of death of an accident or disaster victim under section 1208.
>
> (b) A proceeding that concerns the validity, internal affairs, or settlement of a trust; the administration, distribution, modification, reformation, or termination of a trust; or the declaration of rights that involve a trust, trustee, or trust beneficiary, including, but not limited to, proceedings to do all of the following:
>
>> (i) Appoint or remove a trustee.
>>
>> (ii) Review the fees of a trustee.
>>
>> (iii) Require, hear, and settle interim or final accounts.
>>
>> (iv) Ascertain beneficiaries.
>>
>> (v) Determine a question that arises in the administration or distribution of a trust, including a question of construction of a will or trust.
>>
>> (vi) Instruct a trustee and determine relative to a trustee the existence or nonexistence of an immunity, power, privilege, duty, or right.
>>
>> (vii) Release registration of a trust.

        (viii)    Determine an action or proceeding that involves settlement of an irrevocable trust.

    (c)    Except as otherwise provided in section 1021 of the revised judicature act of 1961, 1961 PA 236, MCL 600.1021, a proceeding that concerns a guardianship, conservatorship, or protective proceeding.

    (d)    A proceeding to require, hear, or settle the accounts of a fiduciary and to order, upon request of an interested person, instructions or directions to a fiduciary that concern an estate within the court's jurisdiction.

Mich. Comp. Laws § 700.1302.

With respect to his various probate claims, Plaintiff seeks the following relief: (1) the removal of the defendants as "trustees, administrators, or executors" of his parents' estates; (2) an injunction preventing the defendants "from taking any action, exercising any powers or authorities, or making any disbursements" from his parents' estates; (3) the formation of a constructive trust for Plaintiff's benefit; (4) an accounting of his parents' estates; (5) an award of his expected inheritance; and (6) revocation or nullification of certain transfers of his parents' estate.

The trusts in question both provide that they are to be "construed and regulated in all respects by the laws of the State of Michigan." Pursuant to Michigan law, as quoted above, the relief Plaintiff seeks can be awarded only by the probate courts of the State of Michigan. Thus, this Court lacks subject matter jurisdiction over Plaintiff's various probate claims. The Court recommends, therefore, that Defendants' motion be granted as to Plaintiff's probate claims and that such claims be dismissed for lack of subject matter jurisdiction.

**III.**    **State Law Tort Claims**

In addition to his various probate claims, Plaintiff asserts that Defendants engaged in defamation of character, invasion of privacy, and intentional infliction of emotional distress.

      A.      Defamation of Character and Intentional Infliction of Emotional Distress

On October 9, 2004, Edward and Jean Moredock amended their trusts. (Dkt. #1, Exhibits 2 and 4). One effect of this amendment was to apparently revoke a bequest to Plaintiff and his wife. Plaintiff asserts that Defendants persuaded his parents to amend their trusts in this manner by falsely accusing Plaintiff of "character defects." Plaintiff further asserts that these "false accusations inflicted emotional harm." Thus, Plaintiff has advanced state law tort claims of defamation of character and intentional infliction of emotional distress.

As the Sixth Circuit has recognized, the probate exception "applies to both purely probate matters, and to matters ancillary to probate in the practical sense that allowing it [the case] to be maintained in federal court would impair the policies served by the probate exception to diversity jurisdiction." *Lepard*, 384 F.3d at 237-38. Application of the probate exception is appropriate where the claims in question are "connected inextricably with the probate of the estates and other issues ancillary to probate." *Id.* at 237.

These particular claims clearly concern probate matters and resolution of such would require the Court to involve itself in probate matters contrary to federal law. The Court finds, therefore, that these particular state law claims are inextricably connected with and ancillary to the probate claims discussed above. Accordingly, the Court recommends that these claims also be dismissed for lack of subject matter jurisdiction.

      B.      Invasion of Privacy

Plaintiff asserts two separate invasion of privacy claims. Plaintiff first asserts that Defendants "unlawfully invaded his privacy by pretext, and caused unwelcome contact and

communications by telephone, email, and postal mail." Plaintiffs asserts that he was "subjected to harassing and verbally abusive telephone calls, electronic mail, and postal mail." Plaintiff further asserts that Defendant Robert Moredock induced Plaintiff's wife to disclose "sensitive" information concerning Plaintiff, causing him to experience mental distress and concern that his identity might be compromised.

Michigan common law protects against four different types of invasion of privacy: (1) intrusion upon the plaintiff's seclusion or solitude, or into his private affairs; (2) public disclosure of embarrassing private facts; (3) publicity that places the plaintiff in a false light in the public eye; and (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness. *See Battaglieri v. Mackinac Center for Public Policy*, 680 N.W.2d 915, 919 (Mich. Ct. App. 2004). Plaintiff's claims implicate the first of these four causes of action. To prevail on a claim of intrusion upon seclusion, solitude, or into private affairs, Plaintiff must establish: (1) the existence of a private and secret subject matter; (2) a right to keep that subject matter private; and (3) that the defendant obtained that information through some manner objectionable to a reasonable person. *See Morrissey v. Nextel Retail Stores, L.L.C.*, 2009 WL 387750 at *2 (Mich. Ct. App., Feb. 17, 2009).

The Court finds that Plaintiff's first invasion of privacy claim, regarding the allegations that Defendants "caused unwelcome contact and communications by telephone, email, and postal mail," fails to state a claim on which relief may be granted. Plaintiff has not alleged that as a result of such "unwelcome contact" Defendants obtained some private and secret subject matter. While Michigan law may very well recognize a cause of action for such allegedly harassing conduct, such fails to state a claim for invasion of privacy. Accordingly, the Court recommends that this claim be dismissed for failure to state a claim on which relief may be granted. *See* Fed. R. Civ. 12(b)(6).

Plaintiff's second invasion of privacy claim is asserted against Defendant Robert Moredock only. Plaintiff asserts that Robert Moredock, "induced the plaintiff's spouse, with false promises of reward, to provide sensitive personally identifiable medical and financial information including confidential disability income and medical expenses."

Defendant asserts that this claim is time barred. To be timely this particular claim must be asserted within three years. *See* Mich. Comp. Laws § 600.5805(10). Plaintiff has not stated in his complaint the date(s) on which the conduct forming the basis of this claim occurred. Defendants have submitted no evidence that the conduct forming the basis of this claim occurred more than three years prior to the initiation of the present action. The Court, therefore, concludes that Defendant has failed to establish that this claim is time barred.

Pursuant to Federal Rule of Civil Procedure 12(b)(2) a defendant may seek the dismissal of claims against him on the ground that the Court lacks the authority to exercise personal jurisdiction over him. Defendant cites to this provision, but has provided no argument as to how this provision entitles him to relief. Jurisdiction over Plaintiff's state law claims is based on diversity jurisdiction. When exercising diversity jurisdiction the Court must apply the law of the forum state to determine whether it may exercise personal jurisdiction over a defendant. *See Smith v. Home Depot USA, Inc.*, 294 Fed. Appx. 186, 189 (6th Cir., Sept. 17, 2008). Michigan law provides that personal jurisdiction is appropriate if the defendant is domiciled in the state when process is served. Mich. Comp. Laws § 600.701. Plaintiff asserts that Robert Moredock presently lives in Michigan and lived in Michigan when the events giving rise to this action occurred. Defendant has produced no evidence to the contrary. Accordingly, the Court concludes that it may exercise personal jurisdiction over Robert Moredock.

Finally, the Court concludes that this claim states a claim on which relief may be granted. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief may be granted where, even accepting as true Plaintiff's allegations and construing the complaint liberally in his favor, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff certainly enjoys the right to keep private personal medical and financial information. Plaintiff alleges that Moredock obtained such personal information from Plaintiff's wife through "false promises of reward." While Plaintiff's allegations are not a model of detail or specificity, the Court finds that such state a claim on which relief may be granted. Accordingly, the Court recommends that Defendants' motion be denied as to this particular claim.

## **CONCLUSION**

For the reasons articulated herein, the Court recommends that <u>Defendant Robert Moredock's Motion for Summary Judgment</u>, (dkt. #5 and 8), be **granted in part and denied in part**. Specifically, the Court recommends that Plaintiff's claims be dismissed as discussed herein, except for Plaintiff's invasion of privacy claim against Robert Moredock for allegedly obtaining "sensitive personally identifiable medical and financial information" concerning Plaintiff.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  June 16, 2009                                          /s/ Ellen S. Carmody
                                                              ELLEN S. CARMODY
                                                              United States Magistrate Judge